UNITED STATES of America,
Plaintiff–Appellee

v.

Kelvin Maximillion STANFORD,
Defendant–Appellant.

No. 12–3575.

United States Court of Appeals,
Eighth Circuit.

Submitted: March 7, 2013.

Filed: April 5, 2013.

Dan Chatham, Assistant U.S. Attorney, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff-Appellee.

John P. Messina, Assistant, Federal Public Defender, Federal Public Defender's Office, Des Moines, IA, for Defendant-Appellant.

Kelvin Maximillion Stanford, Olivehurst, CA, pro se.

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

PER CURIAM.

Kelvin Stanford appeals after he pled guilty to drug and firearm offenses and the district court[1] imposed a within-Guidelines-range sentence. Stanford's counsel has moved to withdraw, and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the district court committed an error in calculating Stanford's Guidelines range, imposed an unreasonable sentence, and plainly erred in imposing a special condition of supervised release.

First, we conclude that there is no merit to counsel's argument challenging the district court's Guidelines calculations. *See United States v. Swanson,* 610 F.3d 1005, 1007–08 (8th Cir.2010) (district court's Guidelines applications are reviewed de novo and its factual findings are reviewed for clear error; application of firearm enhancement requires district court to make finding that gun facilitated or had potential to facilitate drug possession; facilitation requirement "may be met when a defendant concurrently possesses drugs and a firearm while in public, like in a car"). Second, we find no basis for concluding that the district court abused its discretion by imposing an unreasonable sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (discussing appellate court review of sentencing decision under abuse-of-discretion standard; noting that appellate court may apply presumption of reasonableness to within-Guidelines-range sentence). Third, we conclude that the district court did not plainly err in imposing an alcohol ban as a special condition of Stanford's supervised release. *See United States v. Roberts,* 687 F.3d 1096, 1100–01 (8th Cir.2012) (upholding alcohol ban for daily, heavy user of marijuana, because alcohol use limits recovering person's ability to maintain drug-free lifestyle). Finally, having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no non-frivolous issues.

---

1. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Accordingly, we grant counsel's motion to withdraw, and we affirm.